```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

MARC FELIX,                         )
          Plaintiff,                )
                                    )
     v.                             )    C.A. No. 11-10071-PBS
                                    )
C.P.Q. FREIGHT SYSTEM, ET AL.       )
          Defendants.               )
```

             MEMORANDUM AND ORDER
                October 11, 2011

SARIS, D.J.

## I.  INTRODUCTION

On January 10, 2010, plaintiff Marc Felix ("Felix"), a prisoner then in custody at the Souza Baranowski Correctional Center in Shirley, Massachusetts, and now in custody at the Massachusetts Treatment Center in Bridgewater, Massachusetts, filed a self-prepared Complaint against: (1) C.P.Q. Freight System, a New Jersey business; and (2) Fung Wah Bus Company, a New York business.  Felix alleged that on June 23, 2008, a truck operated by C.P.Q. Freight System collided into a Fung Wah Bus Company bus, in which he was a passenger.  As a result of the accident, he sustained personal injuries.  The subject matter jurisdiction of this Court over the instant action was based on diversity of citizenship under 28 U.S.C. § 1332.

On January 18, 2011, summonses issued, and on February 18, 2011, an Answer was filed by Fung Wah Bus Company.[1]  Various pretrial motions were filed, and those matters were referred to

---

[1]No appearance has been filed by C.P.Q. Freight Systems.

Magistrate Judge Boal.  On June 28, 2011, Magistrate Judge Boal held a scheduling conference, and set a scheduling Order that provided, *inter alia*, that any amendments to the pleadings may not be filed after August 15, 2011.  *See* Scheduling Order (Docket No. 24).  On June 29, 2011, Magistrate Judge Boal referred this case to the Court's Alternative Dispute Resolution program.  <u>See</u> Order of Referral (Docket No. 25).

On July 15, 2011, Felix filed a Notice of Change of Address (Docket No. 26), indicating his new mailing address as 30 Administration Road, Bridgewater, Massachusetts (the Massachusetts Treatment Center ("MTC")).  Thereafter, on August 15, 2011 (the date of the amended pleadings deadline), Felix filed a Motion for an Extension of Time to file amended pleadings, by 30 days.  That motion was ALLOWED by Electronic Order on August 19, 2011; however, the mail was returned as undeliverable as addressed, on August 25, 2011.  The Court's electronic notice indicates that this mail was sent to the wrong address, *i.e.*, it was sent to the Old Colony Correctional Center at 1 Administration Road, and not to the MTC at 30 Administration Road.

On August 29, 2011, *pro bono* counsel was appointed for Felix for the limited purpose of mediation, and the case was later assigned to Magistrate Judge Collings.  He set a mediation for October 11, 2011, but, upon motion, the matter was reset for

November 30, 2011.

Thereafter, on September 22, 2011, Felix filed, without any motion for leave to file, an Amended Complaint.[2] He also sent a letter to the Pro Se Staff Attorneys Office seeking the issuance of summonses and an Order for service of process by the United States Marshal Service.

The Amended Complaint seeks to add additional parties to this action. These additional parties include: (1) Alajandro Fallo; (2) Yong Quan Chen; (3) Unknown Owners and Managers of Fung Wah Bus Transportation Inc.; (4) Safety Insurance;[3] and (5) Osleivy L. Gomez, President and Manager of C.P.Q. Freight Systems. Felix does not state the citizenship of the defendants, but alleges that defendant Yong Quan Chen, the operator of the Fung Wah bus, has an address in Boston, Massachusetts. Further, Felix alleges that defendant Safety Insurance has a Boston, Massachusetts address.[4]

## II. DISCUSSION

Felix's Amended Complaint poses several problems. First,

---

[2] Felix also filed discovery documents which were placed in the file, but not docketed as part of the record, in accordance with Clerk's Office policy and the Rules regarding submission of discovery documents.

[3] Safety Insurance was previously listed as an interested party in this action.

[4] He fails to allege any further information about the principal place of business or the place of incorporation.

the Amended Complaint, filed days after the deadline imposed by Magistrate Judge Boal, appears to be untimely.  Nevertheless, applying the mailbox rule under these circumstances,[5] and considering the fact that Felix did not receive proper notice from the Court of Magistrate Judge Boal's ruling on his Motion for an extension of time (notwithstanding that he filed a timely Notice of Change of Address), this Court will not consider the Amended Complaint as untimely filed based on Magistrate Judge Boal's deadline.

Notwithstanding that the Court's deadlines may have been met, this Court's Local Rules require that "[a]mendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party."  United States District Court Local Rule 15.1(a).  The Rules also provides for service on a new party, stating that:

> A party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion was filed.  A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule.

---

[5]Under the mailbox rule, the operative date of a prisoner filing is the date upon which the prisoner commits the mail to the custody of prison authorities for mailing.  The Court presumes that, in view of the timing of receipt of Felix's filing, his Amended Complaint was filed within the deadline imposed by the Court.

United States District Court Local Rule 15. 1(b).

Even though Felix is *pro se* and not an attorney, he is not excused from compliance with these Local Rules; however, since Magistrate Judge Boal has set a deadline for completion of all discovery by December 30, 2011, this Court cannot find that Felix should be penalized for not amending his Complaint sooner.

Despite resolution of the issues noted above, there is a fundamental problem with Felix's Amended Complaint. As pled, this Court reasonably infers that at least one of the added defendants is a Massachusetts citizen for purposes of diversity. Thus, the Amended Complaint destroys complete diversity, and this Court lacks subject matter jurisdiction over the Amended Complaint under 28 U.S.C. § 1332.[6] In light of this, the entire action is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1).[7]

---

[6] Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). For purposes of diversity, "citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010).

[7] See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3)("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.") Federal courts are courts of limited

Given that a mediation has been scheduled before Magistrate Judge Collings with *pro bono* counsel and the defendants, this Court finds that the better practice under these circumstances is to STRIKE the Amended Complaint, and give leave to Felix to file a Second Amended Complaint within 35 days after completion of mediation should this case not settle.  Any Second Amended Complaint must demonstrate the diversity jurisdiction of this Court by showing that the parties, including any added parties, are completely diverse from Felix.  Notwithstanding that Felix is proceeding *in forma pauperis*, he is required to comply with Local Rule 15.1(b) by making advanced service on any new parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.  If the Second Amended Complaint is filed in accordance with these directives, that document shall become the operative pleading in this action, and a separate Order shall enter for the issuance of summonses as to any non-represented parties, for service of process by the United States Marshal Service under Fed. R. Civ. P. 4, and for the United States Marshal Service to advance the costs of service.

---

jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'"  <u>Fafel v. Dipaola</u>, 399 F.3d 403, 410 (1st Cir. 2005)(quoting <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 (1982)).  "The existence of subject-matter jurisdiction 'is never presumed.'"  <u>Fafel</u>, 399 F.3d at 410 (quoting <u>Viqueira v. First Bank</u>, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  <u>Id.</u>

## III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Amended Complaint is STRICKEN;

2. Plaintiff shall file a Second Amended Complaint within 35 days after completion of mediation in the event this action is not settled;

3. Any Second Amended Complaint must demonstrate the diversity jurisdiction of this Court by showing that the parties, including any added parties, are completely diverse from the plaintiff;

4. Plaintiff is required to comply with Local Rule 15.1(b) by making advanced service of any Second Amended Complaint on any new parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure; and

5. If the Second Amended Complaint is filed in accordance with these directives, that document shall become the operative pleading in this action, and a separate Order shall enter for the issuance of summonses as to any non-represented parties, for service of process by the United States Marshal Service under Fed. R. Civ. P. 4, and for the United States Marshal Service to advance the costs of service.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE