UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC FELIX,<br><br>        Plaintiff,<br><br>v.<br><br>C.P.Q. Freight System, et al.,<br><br>        Defendants. | Civil Action No. 11-10071-PBS |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
RENEWED MOTION FOR DEFAULT JUDGMENT
[Docket No. 90]

February 10, 2014

Boal, M.J.

Plaintiff Marc Felix ("Felix") filed a renewed motion for default judgment. Docket No. 90.[1] For the following reasons, this Court recommends that the District Judge assigned to this case deny the motion.

I. BACKGROUND

On January 4, 2012, Felix filed a Second Amended Complaint. Docket No. 43.[2] Felix alleges that on June 23, 2008, a truck operated by C.P.Q. Freight System collided into a Fung Wah Bus Company bus, in which he was a passenger. Amended Complaint at ¶¶ 8, 12. Felix

---

[1] The District Court referred this motion to the undersigned on November 18, 2013. Docket No. 91.

[2] Felix had previously settled with defendant Fung Wah Bus Company. See Docket Nos. 40 and 42.

contends that the force of the collision caused the bus to spin out and hit a police vehicle, a lamp post, and a fire hydrant, before crashing into the front of a bank, killing a 57-year old woman. Id. at ¶¶ 13-14. He claims that as a result of the collision, he was taken by ambulance to the hospital, and suffered personal injuries. Id. at ¶¶ 19-28. He seeks monetary compensation.

Plaintiff named Osleivy L. Gomez ("Gomez"), President of C.P.Q. Freight Systems, as a defendant in this action. Id. at ¶ 5. Felix alleges that Gomez and C.P.Q. Freight Systems failed to properly train the driver of the truck. Id. at ¶ 10. Gomez failed to appear in this case or file an answer to the Second Amended Complaint. Accordingly, on June 25, 2013, the Clerk entered a default against Gomez. Docket No. 78.

On July 8, 2013, Felix filed a motion for default judgment against Gomez. Docket No. 80. The District Court denied the motion without prejudice to refiling within ninety days, stating:

> The motion does not comply with this Court's Standing Order (Docket No. 79). Specifically, it is not accompanied by affidavits demonstrating that the defendant owes plaintiff the sum requested. Further, where plaintiff seeks damages for anticipated future back surgery, as well as punitive damages, the requested relief is not deemed to be a sum certain under Fed. R. Civ. P. 55(b)(1) such that a default judgment may be entered by the clerk. Finally, where plaintiff has settled claims against the co-defendants, the amount of compensatory damages for which Osleivy Gomez may be liable cannot be determined on the present record, insofar as plaintiff is not entitled to duplicative recoveries. See Dopp v. HTP Corp., 947 F.2d 506, 517 (1st Cir. 1991) ("[T]he law abhors duplicative recoveries. That is to say, a plaintiff who is injured by reason of a defendant's behavior is, for the most part, entitled to be made whole not to be enriched."). Accordingly, upon renewal of a Motion for Default Judgment with accompanied affidavits, the matter shall be referred to Magistrate Judge Boal for a Report and Recommendation on the motion, and to conduct a hearing, or to conduct an accounting to determine the amount of damages, establish the truth of any allegation by evidence, or conduct any other necessary investigation in this matter that is warranted. See Fed. R. Civ. P. 55(b)(2)(A)-(D).

Docket No. 81. Felix requested an extension of the time to file a renewed motion for default

judgment, which the Court granted. Docket No. 89.

On November 12, 2013, Felix filed an affidavit and renewed motion for default judgment. Docket No. 90. The Court scheduled a hearing on the motion for February 19, 2014. Docket No. 93. Felix's last reported address was the LaSalle Detention Facility in Jena, Louisiana, a U.S. Immigration and Customs Enforcement facility. See Docket No. 92. Because Felix was in custody, the Court directed the Clerk to make his best efforts to arrange for his presence via audiovisual conference. Docket No. 93. In trying to arrange for the audiovisual conference, the Clerk was informed that Felix had been deported. As of this date, Felix has not informed the Court of his current address.

II.     ANALYSIS

   A.     Standard Of Review

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The court may then enter a default judgment when the party entitled to a default judgment applies to the court. Fed. R. Civ. P. 55(b)(2).

A "default judgment on the well-pleaded allegations in [a] complaint establishe[s] only [the] defendant's liability." Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976). "Those allegations relating to the amount of damages, however, are not taken as true." Rodriguez v. Craig, No. 91-10665-RWZ, 1994 WL 561999, at * 2 (D. Mass. Sept. 29, 1994) (citations omitted). See also KPS Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003); Century ML-Cable Corp. v. Carrillo Diaz, 39 F.Supp. 2d 121, 123 (D.P.R. 1999). Therefore, the

...

plaintiff has the burden of establishing the amount of damages it is entitled to recover. See, e.g., Eisler v. Stritzler, 535 F.2d at 153-54; G.&C. Merriam Co. v. Webster Dictionary Co., Inc., 639 F.2d 29, 34 n. 7 (1st Cir. 1980).

An assessment of damages hearing is unnecessary if calculating the amount of damages "involves nothing more than arithmetic–the making of computations which may be figured from the record." HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988). In all other cases, however,

> [t]he court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate a judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2); accord Jones v. Winnepesaukee Realty, 990 F.2d 1, 3-5 (1st Cir. 1993) (conducting evidentiary hearing to determine damages); Rodriguez v. Craig, 1994 WL 561999, at * 1-2 (convening hearing to assess damages).

### B.     Felix Has Failed To Show The Amount Of His Alleged Damages

Felix seeks damages for four years of pain and suffering as well as the cost of an anticipated spinal surgery needed as a result of the accident. Docket No. 90 at 3. He has not provided the Court with sufficient evidence to determine the amount of those damages. His affidavit only states that he suffers from constant low back pain that does not respond to medication. Id. at 1. Felix asks the Court to award him the amount requested in his Amended Complaint. Id. at 3. The Amended Complaint, however, does not request a specific amount but instead speculates as to various costs associated with his injuries and his resulting loss of wages.

Such information is not sufficient for the Court to determine Felix's damages.[3]  Felix has not provided, for example, medical records supporting his claims.

With respect to his anticipated spinal surgery, he states that he "is unable to determine by computation the sum or estimated cost of spinal surgery" and requests that the Court investigate the cost of spinal surgery on his behalf.  Id. at 3.  However, it is not the proper function of the Court to assume the role of advocate for Felix.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court is mindful that Felix is a pro se litigant and, as such, his filings should be liberally construed.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  Pro se litigants, however, are not excused from compliance with procedural rules or substantive law.  Id.; see also Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) ("We have held consistently that pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules.").  Moreover, the District Court provided Felix with specific instructions on how to present his claim for damages.  See Docket Nos. 79, 81.  In addition, this Court scheduled a hearing on assessment of damages to allow Felix an opportunity to cure the defects in his filing.  It appears that Felix has been deported and he has not provided the Court with information regarding his current whereabouts.[4]  Accordingly, the Court finds that he has failed

---

[3] The District Court originally denied Felix's motion for default judgment because of, among other things, concerns regarding duplicative recovery as Felix had already settled with another defendant and received $30,000.  In his affidavit, Felix states that the $30,000 represents one year of lost earnings.  Docket No. 90 at 2.

[4] A party is under a continuing obligation to notify the Court of any change of address and telephone number.  L.R. 83.5.2(e).  Although Felix would likely be unable to attend a hearing in person, it may have been possible to arrange for telephonic or audiovisual attendance.

to meet his burden to establish the amount of his damages.

## III. RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case deny Felix's renewed motion for default judgment against Osleivy Gomez.

## IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

                                           /s/ Jennifer C. Boal
                                          JENNIFER C. BOAL
                                          UNITED STATES MAGISTRATE JUDGE